Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5580 | **DATE** | March 16, 2011 |
| **CASE TITLE** | *Oak Brook Surgical Centre v. Aetna* | | |

**DOCKET ENTRY TEXT:**

Aetna's motion to dismiss [8] is denied and the stay on discovery is lifted. Oak Brook Surgical Centre's motion to strike portions of Aetna's reply in support of its motion to dismiss [16] is denied as unnecessary. Status hearing is set for May 24, 2011 at 11:00 AM.

■[ For further details see text below.]

## STATEMENT

In this diversity case that was removed from the Circuit Court of Cook County, plaintiff Oak Brook Surgical Centre asserts that defendants Aetna, Inc. and Aetna Health, Inc. (collectively, Aetna) pre-approved medical benefits for patients before Oak Brook Surgical Centre provided treatment and those patients assigned their claims for insurance coverage to Oak Brook Surgical Centre. Aetna then declind to provide coverage, leaving Oak Brook Surgical Center with over $3.4M in unpaid bills. Oak Brook Surgical Centre's complaint contains a breach of contract claim (Count I), a claim under Illinois law for unreasonable and vexatious delay in the payment of insurance claims (Count II), and a promissory estoppel claim (Count III). Aetna seeks to dismiss Counts I and II based on lack of standing. Alternatively, Aetna contends that the entire complaint fails to state a claim because it fails to contain sufficient detail. Finally, Aetna asserts that even if the court rejects its first two arguments, Counts I and II must be dismissed because they are preempted by ERISA.

*Standard of Review*

A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice" of the plaintiff's claims and the basis for those claims. Fed. R.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). According to the Seventh Circuit, this language imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Second, the factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (to survive a motion to dismiss, a complaint's request for relief must be facially plausible).

However, "[a] complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Instead, a complaint contains enough details if it includes allegations that show that "it is plausible, rather than merely speculative, that he is entitled to relief." *Id*. at 1083 (internal quotations and citations omitted); *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (the alleged facts must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" so "naked assertions devoid of further factual enhancement" are insufficient).

*Standing – Counts I & II*

In Counts I and II, Aetna contends that Oak Brook Surgical Centre lacks standing to pursue claims for breach of contract or the unreasonable and vexatious delay in the payment of insurance claims because it was not a party to the insurance contracts between Aetna and the members who allegedly assigned their benefits to Oak Brook Surgical Centre. In support, it asserts that Oak Brook Surgical Centre's claims are deficient because the complaint fails to attach or quote the assignments, so the court cannot conclude that valid assignments exist. This aggressive argument is a non-starter. The contours of Oak Brook Surgical Centre's complaint are pellucidly clear, and the court declines to require it to attach discovery documents to its complaint to be able to withstand a motion to dismiss. Thus, this portion of Aetna's motion to dismiss is denied.

*Failure to State a Claim*

Aetna next contends that the entire complaint fails to state a claim because it does not contain sufficient detail to put Aetna on notice of the nature of Oak Brook Surgical Centre's claims and the grounds upon which they are based. The court disagrees, for the reasons set forth above.

*ERISA Preemption*

Finally, Aetna asserts that Counts I and II are preempted by ERISA because all of the policies at issue are employer or association based and thus are subject to ERISA. In response, Oak Brook Surgical Centre asserts that there is a material question of fact as to whether all of the patients at issue were participants in ERISA plans because: (1) it cannot ascertain which policies are governed by ERISA since it could not obtain copies of the patients' insurance plans prior to providing coverage, and (2) it cannot identify policyholders in the complaint without violating the Health Insurance Portability and Accountability Act.

(continued)

## STATEMENT

Oak Brook Surgical Centre's position is problematic. It concedes that some of the plans at issue are employer or association based, and appears to be conceding that some of these plans may be within the ambit of ERISA. With respect to claims made under those plans, it does not contend that it has exhausted its administrative remedies. *See* Dkt. 13 at 8. Yet, its complaint attempts to proceed as to *all* of the denied claims, and does not distinguish between claims made under employer or association based plans and claims made under individual plans.

The court trusts that Oak Brook Surgical Centre made a proper pre-filing inquiry before submitting its complaint. It also appreciates that Aetna, not Oak Brook Surgical Centre, has access to the plans at issue. Thus, it finds that Aetna's ERISA preemption arguments are premature as the court cannot address Aetna's arguments on the merits unless it goes beyond the four corners of the complaint and speculates about the policies at issue. As both of these are improper, Aetna's motion to dismiss based on ERISA preemption is denied without prejudice.